NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BLUEMAR PROMOTIONS, LLC,

Plaintiff - Appellee,

v.

VONNIC, INC.,

Defendant - Appellant.

No. 24-7221

D.C. No.
2:22-cv-06045-MWF-SK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 4, 2026[**]
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Vonnic, Inc. appeals an award of damages to Bluemar Promotions, LLC,

based on Bluemar's breach of contract and warranty claims concerning counterfeit

KN95 masks that Vonnic sold to Bluemar. The district court granted partial summary

judgment to Bluemar, ruling that Vonnic had breached its contractual obligations.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

After a jury rejected Vonnic's affirmative defense of timely revocation, the district court entered judgment for Bluemar in the amount of $1,055,000. We review a district court's grant of summary judgment de novo. *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1077 (9th Cir. 2020). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not err in concluding that Vonnic made express representations to Bluemar regarding whether the KN95 masks were genuine. Under California law, which the parties agree applies, "[a]ny affirmation, once made, is part of the agreement unless there is clear affirmative proof that the affirmation has been taken out of the agreement." *Weinstat v. Dentsply Int'l, Inc.*, 103 Cal. Rptr. 3d 614, 627 (Ct. App. 2010) (quotation marks and citation omitted). Vonnic's invoices and packing slips described the products as "FACE MASKS KN95." And the cartons containing the masks and the masks themselves were labeled with "KN95."

Because Vonnic represented that the masks were genuine KN95 masks in its invoices and packing slips, those affirmations are regarded as part of Vonnic's contract with Bluemar. Further, under California law, "[s]tipulations which are necessary to make a contract reasonable, or conformable to usage, are implied, in respect to matters concerning which the contract manifests no contrary intention." Cal. Civ. Code § 1655. As the district court aptly concluded, "Vonnic agreed to sell, at the very least, genuine KN95 masks. To hold otherwise would render the parties'

agreement meaningless." The district court therefore correctly granted partial summary judgment to Bluemar on the issue of whether Vonnic agreed to provide genuine KN95 masks.

2. The district court did not err in concluding that there was no genuine dispute of material fact regarding whether the KN95 masks sold to Bluemar were defective. Although Vonnic contends that the district court "overlooked" the opinions of its rebuttal expert, Dr. Hayter, Vonnic failed to raise this issue properly before the district court. *See USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994). Vonnic did not object to Bluemar's assertion of nonconformity in its briefing below or its separate statement of disputed facts. Indeed, in response to Bluemar's assertion that "[d]efendants do not deny that the face masks are nonconforming KN95 masks," Vonnic stated that "this is not a material issue of fact in dispute." The fact that Dr. Hayter's report was attached to Bluemar's summary judgment motion is immaterial, as it was Vonnic's responsibility—not Bluemar's—to "inform the trial judge of the reasons . . . why summary judgment should not be entered." *Id.* (citation omitted).[1]

---

[1] Vonnic argues that the jury's verdict with respect to the timeliness of revocation should be vacated if we conclude that the district court erred in its summary judgment rulings. Because the district court did not err, we do not reach the revocation issue.

3.      The district court did not err in awarding $1,055,000 in damages to Bluemar. Vonnic argues that the nonconforming masks were not valueless and that, because Bluemar failed to return them to Vonnic, the full measure of damages would overcompensate Bluemar. But Vonnic failed to preserve this argument below. To be sure, during the summary judgment hearing, Vonnic noted that "we don't have a major dispute with the damages [Bluemar is] claiming, as long as the masks are returned." But Vonnic otherwise consistently agreed to Bluemar's damages calculation before, during, and after trial (or, at minimum, failed to object). In the final pretrial conference order, Vonnic reaffirmed that "[i]f Bluemar prevails . . . the amount of Bluemar's damages is $1,055,000.00." And after the trial, Vonnic did not object when the district court stated that "the parties have stipulated to the damages, so I will simply enter judgment consistent with the verdict form." The district court's award of damages was therefore not erroneous.

**AFFIRMED.**